UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEL KIRKLAND,

        Plaintiff,                              Case Number: 2:11-CV-15213

v.                                                 HONORABLE ARTHUR J. TARNOW

J. WALTON,

        Defendant.
        _____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.**

Pending before the court is Plaintiff Martel Kirkland's pro se civil rights complaint for monetary and injunctive relief, filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971). Plaintiff is incarcerated at the United States Penitentiary (USP) in Lewisburg, Pennsylvania. The complaint names six defendants, all employees of the Federal Correctional Institution (FCI) in Milan, Michigan. The complaint alleges that defendants improperly transferred him from FCI-Milan, a low security facility, to USP-Lewisburg, a high security facility. He seeks injunctive relief and money damages. For the reasons stated below, the Court will dismiss the complaint for failing to state a claim upon which relief may be granted.

## II.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

### III.

Plaintiff claims that defendants violated his right to due process, his right to be free from cruel and unusual punishment, and his First Amendment rights when they transferred him from FCI-Milan to USP-Lewisburg. To state a claim under *Bivens*, "a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law." *Kesterson v. Fed. Bureau of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003), *citing Bivens*, 403 U.S. at 397, *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir.2001).

The Supreme Court has recognized that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Because Plaintiff has failed to assert a constitutionally protected interest in being incarcerated in a particular facility, he has not alleged a viable due process claim.

Plaintiff's remaining claims concern the conditions of his confinement in USP-Lewisburg. He alleges that conditions there are dangerous because he is housed with violent offenders, staff members treat prisoners harshly, and he spends extended periods in solitary confinement. Plaintiff also alleges that staff members are interfering with his receipt of mail. These claims do not relate to any of the named defendants, all of whom are located at FCI-Milan. These claims will be dismissed without prejudice to Plaintiff's right to assert the same claims against different defendants in the proper venue.

## IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). This dismissal is without prejudice to Plaintiff's right to assert claims regarding the conditions of his confinement at USP-Lewisburg in the appropriate venue.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 21, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 21, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant